IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LISA M. WILCOX, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 2:16-cv-04058-MDH |
| LAKE REGIONAL HEALTH SYSTEM, RICHLAND MEDICAL CENTER, LLC, ROBERT C. NIELSEN, M.D., and RUSSELL JOHNSON, M.D. | ) |
|       Defendant. | ) |

## ORDER

Before the Court is the United States' Notice of Substitution of the United States as the Proper Party-Defendant (Doc. 3) and The United States Of America's Motion to Dismiss. (Doc. 4). Plaintiff was provided time to conduct discovery depositions regarding the issue of the defendant doctors' employment as raised in the pending motions, and the parties have now fully briefed the issues raised in the government's motions. On August 4, 2016, the Court heard oral argument from the parties.

Plaintiff's Amended Petition for Damages brings several claims against Defendant Lake Regional Health System, d/b/a Lake Regional Hospital; Defendant Richland Medical Center, Inc., d/b/a Central Ozarks Medical Center; Defendant Russell Johnson, M.D.; and Defendant Robert Nielsen, M.D. based on an alleged medical malpractice and negligence.

### NOTICE OF SUBSTITUTION

The United States has filed its Notice of Substitution stating Russell Johnson, M.D. and Robert Nielsen, M.D. were acting within the scope of their employment with the Richland

1

Medical Center, Inc., a federally supported health care center during the relevant events alleged in the petition. Attached to the Notice of Substitution is a Certification from the Assistant Attorney General stating Johnson and Nielsen were acting within their scope of duties as employees of the Richland Medical Center which has been deemed part of the Public Health Service, an agency of the United States. The affidavit also notes that the employment of Russell Johnson, M.D. was only from September 30, 2010 through February 7, 2012.

Plaintiff's opposition to this notice states Defendant Nielsen had staff privileges at non-federal Defendant Lake Regional Hospital where certain alleged actions were performed. Therefore, Plaintiff argues there remains a question regarding Nielsen's protection under the FTCA. Plaintiff further contends the Defendants have not provided discovery that would allow for a proper determination of their status as federal/nonfederal employees and whether the alleged conduct could be construed as within the course and scope of employment to be afforded protection under the FTCA. However, after the parties initially filed their motions and briefs, Plaintiff took the depositions of Kevin McRoberts, Senior Vice President of Operations at Lake Regional Health Systems; and Robert Stiles, the corporate representative for Richland Medical Center in which she was able to conduct discovery on the issue of the defendant doctors' employment.

The United States argues it has provided certification that complies with 28 U.S.C.A. § 2679 which states:

> (d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

In discussing substitution of a party under this statute, the 8th Circuit has stated the immunity conferred by § 2679(b) provides that plaintiff's remedy is exclusively against the United States for alleged injury from the negligent or wrongful act of any employee of the Government who was acting within the scope of his office or employment. *Brown v. Armstrong*, 949 F.2d 1007, 1010 (8th Cir. 1991); citing § 2679(d)(1). Further, the immunity is triggered when the Attorney General or his designate, including the U.S. Attorney, certifies that federal employees have been sued for conduct within the scope of their employment. *Id.* If the Attorney General or his designate provides certification, then the United States shall be substituted as the party defendant. *Id.*

The 8th Circuit also held "that the district court retains authority to determine the scope-of-employment issue before substituting the United States as defendant." *Id.* at 1011. (internal citations omitted). The 8th Circuit reasoned "the purpose of the Liability Reform Act was to protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ" and therefore, challenges to the Attorney General's certification regarding scope of employment must be resolved before trial. *Id.*, at 1011-1012. (A challenge should be resolved "as soon after the motion for substitution as practicable, even if an evidentiary hearing is needed to resolve relevant fact disputes.").

However, the Attorney General's certification is prima facie evidence that the employee's challenged conduct was within the scope of employment. *Id.* at 1012. As a result, if Plaintiff contests the certification, plaintiff then bears the burden of proving that the employee was not acting within the scope of employment. *Id.* (internal citations omitted). After the depositions of McRoberts and Stiles, Plaintiff filed supplemental suggestions in opposition to the motion to substitute. However, Plaintiff appears to no longer contest the employment of Dr. Johnson and

3

has provided no evidence or argument regarding his employment. Plaintiff has also admitted Dr. Johnson was an employee of Richland Medical Center. In addition, the United States recently filed suggestions of death stating Dr. Johnson is deceased and has not been served with process. (Doc. 49).

Therefore, Plaintiff's remaining opposition to the substitution focuses on the scope of employment of defendant Nielsen. Plaintiff argues Nielsen had staff-privileges at non-federal defendant Lake Regional Hospital and as a result is not a federal employee acting within the scope of his employment with a federal agency. However, staff privileges generally "permit a doctor to use hospital facilities to practice his medical profession," but do not constitute employment or a contract for employment. See *Engelstad v. Virginia Mun. Hosp.*, 718 F.2d 262, 267 (8th Cir. 1983); citing, Note, "Denial of Hospital Staff Privileges: Hearing and Judicial Review," 56 Iowa L.Rev. 1351, 1351-52 (1971); Shapiro, Law, Medicine and Forensic Science, 636 (3d Ed.1982).

Other than the staff privileges Nielsen held at Lake Regional Hospital, Plaintiff has not made any further challenges or provided any evidence to refute the Attorney General's certification that Nielsen was an employee of federally funded Richland Medical Center.[1] Plaintiff argues Nielsen had privileges at Lake Regional, that Lake Regional maintained a file that contained his credentials, licensure and privileges; that he was "on staff;" that he was able to treat patients; and that he was required to abide by Lake Regionals by-laws and policies. However, Plaintiff does not offer any evidence of an employment relationship beyond the

---

[1] Further, the deposition testimony of Stiles stated Dr. Nielson was an employee of Richland Medical Center, was paid and provided benefits by Richland Medical Center, his schedule was set by Richland Medical Center, he did not carry malpractice coverage because he was insured by the FTCA, and his services were billed through Richland Medical Center.

4

allegations regarding Nielson's staff privileges with Lake Regional.  This is not enough to defeat the Attorney General's certification of Nielsen's employment under the FTCA.

Plaintiff cites to *Scott v. SSM Healthcare St. Louis*, 70 S.W.3d 560 (Mo. Ct. App. 2002), arguing that there is a question of fact suitable for a jury regarding whether Dr. Nielsen was "an employee" of Lake Regional.  In *Scott,* the court was presented with the issue of whether a doctor was acting as an independent contractor or an agent of the hospital.  *Id.* at 567.  The court held it was a factual question for the jury regarding whether the hospital in question controlled or had the right to control the conduct of the doctor and whether agency existed.  *Id.* at 566-567.  However, the facts here are distinguishable from the facts in *Scott*.  Here, the issue before the Court is whether the United States should be substituted based on the U.S. Attorney's certification that the doctors were acting within the scope of their duties as federal employees.  Plaintiff bears the burden to prove Defendants were not acting within the scope of their federal employment.

Based on the record before the Court, the Court finds the United States Attorney's Certification pursuant to 28 U.S.C. § 2679, finding that named defendants Russell Johnson, M.D. and Robert Nielsen, M.D. were employees of the government acting within the scope of their duties as employees of the Richland Medical Center, Inc., d/b/a Central Ozarks Medical Center, which is a federal agency under the Federally Supported Health Center Assistance Act, is valid.  As a result, the Court hereby grants the Notice of Substitution and substitutes the United States as a defendant for Russell Johnson, M.D., Robert Nielsen., M.D and Richland Medical Center, Inc,, d/b/a Central Ozarks Medical Center.

## MOTION TO DISMISS

The United States has also filed a Motion to Dismiss. (Doc. 4). Defendants move for dismissal based on lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

First, the motion to dismiss argues that if the individual defendants are not substituted by the United States as the proper party defendant, then they should be dismissed because they are immune from state law tort claims because they are federal employees and fall under the Westfall Act. For the reasons stated herein, the Court finds that the United States shall be substituted for the individual doctor defendants and therefore this argument does not need further analysis.

Next, the government contends that once the United States is substituted, Plaintiff must satisfy the prerequisites for filing an action under the FTCA and Plaintiff has failed to do so by failing to timely file a claim. 28 U.S.C. § 1346(b)(1) states:

> the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for ... personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ....

However, pursuant to 28 U.S.C.A. § 2401(b), in order to pursue a claim under the FTCA, a Plaintiff is required to do the following:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"Unless a claim is filed within the two-year limitations period of § 2401(b), there is no right to proceed against the government in a Federal Tort Claims action." *Manko v. United States*, 830 F.2d 831, 839 (8th Cir. 1987) (internal citations omitted). Further, the FTCA statute of

6

limitations "does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002).

Here, Plaintiff alleges her doctors failed to diagnose her cancer on or about July 1, 2011 and that she was not properly diagnosed until June 4, 2012. Plaintiff filed her initial lawsuit on June 28, 2013, in the Circuit Court of Camden County. On January 8, 2014, Plaintiff's lawsuit was dismissed, without prejudice, because Plaintiff was unable to produce the affidavits of merit necessary under RSMO § 538.225. On January 5, 2015, Plaintiff re-filed her lawsuit in Camden County within the one year savings statute of RSMO § 516.230. Plaintiff subsequently submitted her administrative tort claim notification, which was received by DHHS on January 5, 2016. The case was then removed to this Court on February 12, 2016. The U.S. Attorney then filed a certification that defendants Johnson and Nielsen are federal employees acting within the scope of their employment. Using the date of Plaintiff's cancer diagnosis, June 4, 2012, as the date of accrual, Plaintiff's January 5, 2016 administrative tort claim was filed approximately 3 years and 7 months after her claim accrued.

Plaintiff relies on *Estate of Bumann v. United States*, No. 12-CV-4031-DEO, 2012 WL 4434712, at *2 (N.D. Iowa Sept. 24, 2012) in her effort to persuade the Court that her FTCA claim should be allowed to proceed. In *Bumann*, the Plaintiff filed its Complaint with the court within six months after the United States Postal Service's final denial of the claim, but did not present its claim to the United States Postal Service within two years after its claim accrued. *Id*

In *Buman,* the court stated:

> …Section 2679(d)(5) provides a district court subject matter jurisdiction though a plaintiff has not technically complied with the statute of limitations in Section 2401(b). A close review of Section 2679(d)(5) reveals four requirements: (1) there must be an initial cause of action in which the United States was substituted as the party defendant; (2) the initial cause of action must have been dismissed pursuant to Section 2675(a); (3) the initial cause of action must have been filed within the 2

7

> year statute of limitations period required under Section 2401(b); and (4) after dismissal of the initial cause of action, the plaintiff must have filed the instant action with the appropriate federal agency within 60 days.

*Id.*

In order to meet the exception to the failure to comply with the technical requirements of filing a timely claim, a Plaintiff must meet the four requirements of Section 2679(d)(5).

Plaintiff first argues the United States has not been substituted as a party. However, the Court's ruling as set forth herein now grants the motion to substitute. Next, Plaintiff contends that the Missouri savings statute should apply. In response, the government argues under the FTCA Plaintiff has two years from the date her claim accrued in June 2012 to file her administrative claim and that the Missouri saving statute has no application under the FTCA.

The Court agrees that the Missouri statute of limitations does not apply to FTCA claims. *See Franklin Sav. Corp., In re,* 385 F.3d 1279, 1288 (10th Cir. 2004) ("Although state law determines whether there is substantive liability under the FTCA, federal law defines the applicable limitations period.") (citations omitted); *Manko v. United States*, 830 F.2d 831, 839 (8th Cir. 1987) (Section 2401(b) ... is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims....We should also have in mind that the [Federal Tort Claims] Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.... Neither, however, should we assume the authority to narrow the waiver that Congress intended....) (citations omitted). A court may look "to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of limitations for a federal cause of action," but Congress has

8

expressly stated the applicable limitation period for a tort claim brought against the United States, in § 2401(b), so reference to state law is inappropriate. *Id.*

Plaintiff next argues she was not made aware of the federal employment of the Defendants until after the certification was filed, and therefore, if the savings statute does not apply the Court should "equitably toll" her claim. The 8th Circuit has stated courts may apply the doctrine of equitable tolling to FTCA claims against the government. *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002). However, the 8th Circuit further stated, "[b]ecause statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling "is an exception to the rule, and should therefore be used only in exceptional circumstances." *Id.* (internal citations omitted). The party claiming the benefit of an exception to a statute of limitations bears the burden of showing that an exception applies. *Id.* Further, the FTCA statute of limitations does not wait until a plaintiff is made aware that a defendant is a federal employee. *Id.* "To toll the statute because of a plaintiff's ignorance of the defendant's federal employee status, plaintiff "must at the very least show that the information could not have been found by a timely diligent inquiry...." *Id.*

Here, Plaintiff does not provide any evidence that she could not have ascertained the federal status of the Defendants. The mere failure of Plaintiff to discover this fact does not entitle her to equitable tolling or the savings statute. In fact, Defendants argue the federal status of the medical center could be found on its website that included confirmation of its federal status in the health care system. The Court finds Plaintiff has failed to establish the existence of exceptional circumstances that would require the Court to apply the doctrine of equitable tolling as an exception to the statute of limitations in this case. Further, Plaintiff has failed to establish that the elements of § 2679(d)(5) have been meet.

9

Case 2:16-cv-04058-MDH   Document 50   Filed 09/08/16   Page 9 of 10

Finally, Plaintiff requests that the Court dismiss her claims without prejudice, or remand the case to the Circuit Court of Camden County. The Court has Ordered that the United States be substituted as a party and as a result finds no basis for the case to be remanded to Camden County. Further, based on the reasons set forth herein, the Court finds no basis to dismiss Plaintiff's claim without prejudice.

## DECISION

For the reasons stated herein, the Court hereby **GRANTS** the government's Motion to Substitute. The Unites States shall be substituted as the defendant for Richland Medical Center, Dr. Johnson and Dr. Nielsen. Further, the Court hereby **GRANTS** the Motion to Dismiss and Orders that the case be dismissed, with prejudice, against the substituted defendant the United States. Plaintiff's claim against defendant Lake Regional Health System remains. The Court notes Lake Regional Health System has filed a Motion for Summary Judgment that will be addressed in a subsequent Order.

**IT IS SO ORDERED.**

DATED: September 8, 2016

                */s/ Douglas Harpool*
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**