IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LISA M. WILCOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-cv-04058-MDH |
| ) | |
| LAKE REGIONAL HEALTH SYSTEM, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Lake Regional Health System's Motion for Summary Judgment. (Doc. 12). The parties have fully briefed the pending motion and it is ripe for review. The Court previously ruled on the United States' Notice of Substitution and Motion to Dismiss. As set forth in the Court's prior Order, Plaintiff's Amended Petition for Damages brought several claims against Defendant Lake Regional Health System, d/b/a Lake Regional Hospital; Defendant Richland Medical Center, Inc., d/b/a Central Ozarks Medical Center; Defendant Russell Johnson, M.D.; and Defendant Robert Nielsen, M.D. based on alleged medical malpractice and negligence. At this time, Lake Regional Health System remains the sole defendant.

## BACKGROUND

Plaintiff's claims against Lake Regional, as set forth in the petition, allege that prior defendants Johnson and Neilsen were employees and/or agents of Lake Regional and were acting within the course and scope of their employment with Lake Regional resulting in Lake Regional being vicariously liable for the acts of doctors Johnson and Nielsen. Plaintiff's claims against

1

Lake Regional are based on a theory of vicarious liability for the actions of the doctors, not on an independent claim against Lake Regional. Defendant argues Plaintiff cannot provide sufficient evidence of employment to proceed on her claim against Lake Regional because neither Johnson nor Nielsen were employees or agents of Lake Regional.

Plaintiff's response to the motion for summary judgment states Johnson was an employee of Richland Medical Center and was not an employee of Lake Regional Health System. However, Plaintiff argues Nielsen had staff privileges at Lake Regional Hospital where certain alleged actions were performed and therefore Nielsen was an employee and/or agent of the hospital.

The Court previously granted the United States' Notice of Substitution finding that Russell Johnson, M.D. and Robert Nielsen, M.D. were acting within the scope of their employment with Richland Medical Center, Inc., a federally supported health care center, during the relevant events alleged in the petition. (Doc. 50). For the reasons set forth herein, the Court grants Lake Regional's motion for summary judgment.

## STANDARD

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the

2

nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A question of material fact is not required to be resolved conclusively in favor of the party asserting its existence. Rather, all that is required is sufficient evidence supporting the factual dispute that would require a jury to resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-249. Further, determinations of credibility and the weight to give evidence are the functions of the jury, not the judge. *Wierman v. Casey's General Stores, et al.,* 638 F.3d 984, 993 (8th Cir. 2011).

## DISCUSSION

First, in Plaintiff's response to summary judgment she admits Dr. Johnson was not an employee or agent of Lake Regional. As a result, with regard to any claims against Lake Regional arising out of Dr. Johnson's conduct the Court grants summary judgment on those claims based on Plaintiff's admissions. The Court is therefore left to analyze Plaintiff's claims against Lake Regional based on the actions of Dr. Neilsen, and the issue before the Court is whether Dr. Nielsen was an employee or agent of Lake Regional.

The Missouri statute governing alleged medical negligence provides that Plaintiff may not recover against Lake Regional for the alleged acts of Dr. Neilsen if he is not an employee of Lake Regional. *Jefferson ex rel. Jefferson v. Missouri Baptist Med. Ctr.,* 447 S.W.3d 701, 705 (Mo. Ct. App. 2014), reh'g and/or transfer denied (Sept. 22, 2014), transfer denied (Nov. 25, 2014), citing Mo. Ann. Stat. § 538.210. The Missouri Court of Appeals discussed the statutory

3

framework that applies to claims against healthcare providers and their employees. The Missouri Court of Appeals stated:

> First, section 538.210.1 provides in pertinent part that in claims "arising out of the rendering of or the failure to render health care services, no plaintiff shall recover more than three hundred fifty thousand dollars for noneconomic damages." Second, section 538.210.2(3), the provision at issue here, instructs that "[n]o individual or entity whose liability is limited by the provisions of [Chapter 538] shall be liable to any plaintiff based on the actions or omissions of any other entity or person who is not an *employee* of such individual or entity." (emphasis added). *Id.* at 706–07.

The statute does not provide a specific definition for the term "employee" within this section. *Id.* When a statutory definition is not provided, Missouri courts give the word "their plain and ordinary meaning with help, as needed, from the dictionary." *Id.* at 709. Applying this analysis, the Court of Appeals found the term "employee" is defined as "[a] person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance." *Id.* at 709-10; citing, Black's Law Dictionary 602 (9th ed.2009) ("the dictionary definition of "employee" is consistent with the Restatement in its emphasis on the employer's right to control").

In analyzing the hospital-physician relationship, "the central rule is that the more control the principal may exercise over the agent, the more likely the agent is an employee." *Id.* at 711. (internal citations omitted) ("In the context of a hospital-physician relationship, the primary focus is on whether the hospital generally controlled, or had the right to control, the conduct of the doctor in his work performed at the hospital."). The issue is whether the hospital had the right to exercise control, not whether they actually exercised control. *Id.* The Court discussed the following factors that would indicate an employment relationship exists:

> [1] an agreement for close supervision or de facto close supervision of the [agent's] work; [2] work which does not require the services of one highly educated or skilled; [3] the supplying of tools by the [principal]; [4] payment by

4

> hour or month; [5] [working] over a considerable period of time with regular hours; [6] full time [work for one principal]; [7] [work] in a specific area or over a fixed route; [8] the fact that the work is part of the regular business of the [principal]; [9] the fact that the community regards those doing such work as [employees]; [10] the belief by the parties that there is a [employer] and [employee] relation; [11] an agreement that the work cannot be delegated.

*Id.* at 711-712.

Plaintiff argues the decision in *Scott v. SSM Healthcare St. Louis*, 70 S.W.3d 560 (Mo. Ct. App. 2002) is analogous to the facts presented here. In *Scott,* the appellate court was presented with the issue of whether a doctor was acting as an independent contractor or an agent of the hospital. *Id.* at 567. The court held it was a factual question for the jury regarding whether the hospital in question controlled or had the right to control the conduct of the doctor and whether agency existed. *Id.* at 566-567. The court stated there are two elements required to establish an agency relationship. *Id.* at 566. First, "the principal must consent, either expressly or impliedly, to the agent's acting on the principal's behalf." *Id.* Second, "the agent must be subject to the principal's control." *Id.* (internal citations omitted). "In the context of a hospital-physician relationship, the primary focus is on whether the hospital generally controlled, or had the right to control, the conduct of the doctor in his work performed at the hospital." *Id.* (internal citations omitted) ("Additionally, our courts have also cited with approval a list of ten factors set forth in the Restatement (Second) of Agency, § 220(2) (1958), as a helpful aid in "determining whether one acting for another is a servant or an independent contractor.").

However, the facts here are distinguishable from the facts in *Scott*. First, Plaintiff argues Dr. Nielsen had staff-privileges at Lake Regional and as a result was an employee acting within the scope of his employment when practicing in that facility. However, this Court previously held that staff privileges generally "permit a doctor to use hospital facilities to practice his medical profession," but do not constitute employment or a contract for employment. (Doc. 50);

5

citing, *Engelstad v. Virginia Mun. Hosp.*, 718 F.2d 262, 267 (8th Cir. 1983); citing, Note, "Denial of Hospital Staff Privileges: Hearing and Judicial Review," 56 Iowa L.Rev. 1351, 1351-52 (1971); Shapiro, Law, Medicine and Forensic Science, 636 (3d Ed.1982). Plaintiff also contends that Lake Regional maintained a file that contained Dr. Neilsen's credentials, licensure and privileges; that Dr. Nielsen was "on staff;" that he was able to treat patients; and that he was required to abide by Lake Regionals by-laws and policies. Plaintiff's argument centers around the requirements for a doctor to be granted, and to maintain, privileges at Lake Regional. However, this Court does not find that a doctor's privileges to use a facility equates to an employment or agency relationship with that facility.

In fact, Plaintiff has admitted the following facts presented by Defendant: Dr. Nielsen was an employee of Richland Medical Center; Dr. Neilsen was insured and compensated through his employment with Richland Medical Center; and Dr. Neilsen was at all times relevant acting within the scope of his duties as an employee of Richland Medical Center.

Here, Plaintiff does not offer any evidence of an employment or agency relationship as defined by Missouri courts. There is no agreement for close supervision of Dr. Neilsen's work by Lake Regional, Lake Regional does not compensate or insure Dr. Nielsen and he does not work regular hours at Lake Regional or have full time work for Lake Regional (in fact his contract with Richland Medical Center prohibits him from being employed by another entity). Further, there is no evidence Plaintiff believed Dr. Neilsen was an employee of Lake Regional. In fact, Dr. Nielsen did not have significant contact with Plaintiff at Lake Regional. He did not refer her to Lake Regional or treat her at that location. Plaintiff's Petition alleges Plaintiff was examined and treated by Nielsen who diagnosed and assessed Plaintiff with fibrocystic breast

6

disease and no imaging was performed.  Plaintiff alleges Dr. Nielsen failed to consider, diagnose, test and/or examine Plaintiff and negligently failed to order further testing and/or imaging.

Beyond the basic allegations regarding Dr. Nielson's staff privileges with Lake Regional, along with record keeping allegations that Lake Regional maintained with regard to Dr. Neilsen's privileges, there is no evidence of Lake Regional's control over Dr. Nielsen's actions that would rise to the level of an agency or employment relationship.  Plaintiff simply does not provide the Court with evidence to defeat Lake Regional's motion for summary judgment.

## DECISION

For the reasons stated herein, the Court hereby **GRANTS** Lake Regional's Motion for Summary Judgment.  (Doc. 12).

**IT IS SO ORDERED.**

DATED:     October 12, 2016

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**